DONNER MOUNTAIN CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83-8-01159

Before CARMAN, *Judge.*

(Decided July 24, 1985)

*George R. Tuttle, A P.C. (George R. Tuttle* on the motion) for the plaintiff.
*Richard K. Willard,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division *(Michael P. Maxwell* on the motion) for the defendant.

CARMAN, *Judge:* In this action, plaintiff successfully challenged the classification by the United States Customs Service (Customs) of imported hiking boots. Plaintiff now makes application for attorney's fees and other expenses pursuant to 28 U.S.C. § 2412(d) (1982) (repealed 1984).

Plaintiff, in its case in chief, claimed that the cost of recoverable waste leather used in manufacturing boots had to be included in calculating the component material of chief value in the boots, and that when this cost was included, the boots were properly classified as footwear of leather under item 700.35 of the Tariff Schedules of the United States (TSUS). Customs had erroneously classified the imported hiking boots as other footwear under item 700.95, TSUS.

The defendant timely answered plaintiff's amended complaint and admitted that the imported boots were in chief value of leather. Defendant's answer further requested that judgment be entered ordering that the contested entries by reliquidated in accordance with the relief requested in the amended complaint. Plaintiff thereafter filed a motion for judgment on the pleadings, to which the defendant consented.

Plaintiff now brings this application for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d),[1] which states:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action,

---

[1] Subsection (d) of section 2412 was repealed effective Octobe r 1, 1984, as to any action not commenced prior to the date of repeal. *See* Pub. L. 96–481, Title II, § 204(c), Oct. 21, 1980, 94 Stat. 2329. This action was commenced with the filing of a summons on August 5, 1983.

unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (1982) (repealed 1984).

Plaintiff maintains that the government's position was not substantially justified and that plaintiff is therefore entitled to attorney's fees and other expenses. Defendant nevertheless timely answered plaintiff's amended complaint and requested that judgment be entered ordering that the contested entries be liquidated pursuant to plaintiff's amended complaint. Defendant further consented to the relief sought when plaintiff filed a motion for judgment on the pleadings. As there appears to be little the defendant could have done further, the Court finds that the position taken by defendant in reasonably and promptly acquiescing to the relief sought by plaintiff was "substantially justified" within the meaning of 28 U.S.C. § 2412(d). Plaintiff's application for attorney's fees is therefore rejected.

In *Essex Electro Engineers, Inc.* v. *United States,* 757 F.2d 247 (Fed. Cir. 1985), the court pointed out that in considering an application for attorney's fees under 28 U.S.C. § 2412(d) "the issue of reasonableness of the litigating position turns on what support in law and fact the government offered in defending its case, and that the merits of the agency decision constitute only one factor in evaluating the justificatio n for the government's litigating position in court." *Id.* at 253. Defendant's litigating position in the case at bar was simply to conclude, shortly after the commencement of the action and apparently after analyzing the issues, that plaintiff was entitled to the relief it sought. Further, as in *Essex*, "the government did not drag its feet, but rather, cooperated in speedily resolving the litigation." *Id.*

The position of the defendant to be scrutinized by the Court is the defendant's stance during the civil proceeding. *Broad Avenue Laundry and Tailoring* v. *United States,* 693 F.2d 1387, 1391 (Fed. Cir. 1982). Since the defendant expeditiously adopted the plaintiff's position in the case in chief, the Court need not re-examine the merits of the position taken by Customs at the administrative level. *See id.*

The Court finds that the defendant acted in a substantially justified manner within the meaning of the statute, 28 U.S.C. § 2412(d). Plaintiff's application for attorney's fees and other expenses is denied.